The next case is number 21-1533, Miguel Ángel Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc., et al. At this time, would counsel for Appellant Rivera-Rosario introduce himself on the record to begin? Good morning, Your Honors. May it please the Court, for the record, this is Attorney Raul Barrera-Morales representing Appellant Miguel Rivera. Go ahead. Your Honor, in the case of Rivera v. Island Holdings, number 17-1918, it was determined by the women of the parties involved at that moment in that case that a malicious prosecution claim was premature because at that moment it was still pending the process of an appeal and there was no final judgment according to that. That means that the Court at that moment, according to the jurisprudence, did not have any jurisdiction in relation to the malicious prosecution action. It was by agreement of the parties. The parties agreed with the Court and that appears in the opinion of order entering that case that the parties agreed that it was premature. Nevertheless... So it was premature, but the Court dismissed it with prejudice and it wasn't appealed. No, no, no. The thing is that the case was originally filed for abuse of process. Abuse of process. That was the complaint in that case. It doesn't mention malicious prosecution. As a matter of fact... Excuse me. The district court understood you to be pleading both, however. I'm just saying the court, whether the court was right or wrong, the court understood you to be pleading both and analyzed both. No. The thing was, from the beginning in the complaint that we filed in that case, we clearly stated that the action was still pending an appeal made by defendant in that case. That automatically, we are saying to the court that the malicious prosecution is not included because there's a factor that is missing. That is that there is a final determination. We said that in the complaint. What happens? Then the defendant, Island Holdings, brings his own instance, you know, that he brings and says, listen, and what about malicious prosecution? This appears to be a malicious prosecution. And we replied to that saying clearly that a malicious prosecution case action was not, did not proceed at this moment in this case. Nevertheless... Pardon me? In those filings, you don't say there is no claim for malicious prosecution. You say it cannot, it is premature at this point in time. That could simply mean that we would agree to a dismissal of that claim. It could mean any number of things. But Judge Thompson has pointed out that what in fact happened was that the district court analyzed what would be needed for the malicious prosecution claim to the extent it has been set forth to proceed, says it's premature, and dismissed with prejudice. And that was not appealed. Your Honor, our position is that from the beginning, it was not included, it was not part of the complaint, a malicious prosecution action. But you never said that in any of the filings. No, I think, yes. In the filings in the 2017 actions. Yes, I did. We've all read them. Well, Your Honor, I think there is a... Well, I think in the complaint, we said as a footnote that there was a... It was still not final. There was not a final determination regarding the case involved. We said from the beginning... Pardon me? Could you be more clear about what footnote you're talking about and what document this footnote was contained in? You're saying there's a footnote that makes it pellucid, that this was not... In the complaint. In the complaint. In the complaint, when we are trying to explain the nature of the case, we said abuse of process. We never mentioned malicious prosecution. Never, never. What happened is that we said that there was pending... I said that as a matter of fact, there was a decision in the district court in favor of our client, the plaintiff. But that there was an appeal to the appeals court regarding that decision. And that's all we said about this case regarding a possible malicious prosecution, but we did not include that. And then the other party presents as a part of their analysis, and what about a malicious prosecution case? And I said, no. And I replied that that cause of action at this moment did not apply to the present case. Nevertheless, in the honorable court, in its opinion and order, she makes like an analysis of everything that was happening in the case. And because the defendant brought it and presented it, so she took it at that moment from defendant. The malicious prosecution claim and said by agreement of the parties, because it's known that the defendant was not going to deny that they were appealing. It says by agreement of the parties, the fact is that it's premature. That's what the court says. And when the court says that premature, she disposed of the case. She disposed of the case because if it's premature, that means that there's no jurisdiction for the court to entertain that cause of action. Our, I'm sorry, our position is that it never, it was included in the complaint, never. Never for argument purposes. The factual basis, whether you have malicious prosecution or what other claims, it's the same factual basis for everything. You have one theory, abuse of process and malicious prosecution, but based on the same facts, correct? No, no, not the same facts. I mean, some facts are, the court said that for abuse of process is one cause of action, and malicious prosecution is another one. I understand that, but for purpose of res judicata, when you have a complaint, you've got to bring it all. If you don't bring it all, there's a judgment. It applies to everything that could have been brought originally. No, no, but because malicious prosecution couldn't be brought because it was premature. Okay, but when it's dismissed with prejudice, why don't you appeal that judgment? Because it... Or ask for reconsideration. Because it wasn't... Or ask for reconsideration to make it without prejudice for any other cause of action. No, no, no. It was our understanding that that was the end of the matter because there was no jurisdiction. The court, with the agreement of the parties, said that it was premature. When the court determines it's premature, they lose jurisdiction. And any, and any of what... I cited a lot, many cases. And if the court, knowing that it's premature, lacking jurisdiction, because that's the effect of premature, lack of jurisdiction, you cannot take any action regarding that alleged cause of action because there's no jurisdiction. And it was the end of that. If the court, and that's what we're saying, if the court... Finish, finish what you're saying. If the court included, knowing the malicious prosecution, then it's invalid, that determination. Because when you don't have jurisdiction, it's irreparable. You can... Even the parties cannot agree, let's go on and have jurisdiction. No. The only... They cannot do anything. And the judge will have known that. And we believe, we really believe, Your Honor, that it was the end of it. Because if you... I include the reasoning of the court in our, in our appeal. Thank you. Brief, in the brief. And he says, the court says, well then, let's see if malicious, if the abuse of process proceeds. Because it was the nature of the case was labeled abuse of process. And the court decided, of all the ingredients of the complaint, that there was, that there was an abuse of process. But that abuse of process was filed as a continuous violation. And then she said that we have to verify to see if it was time barred. Thank you, counsel. Your time is up. Thank you. Let's hear from Mr. Suyarbhani. At this time of counsel for Appley, Hibiscus would introduce himself on the record to begin. Good morning, Your Honors. Attorney Adjuan Suyarbhani of McConnell-Valdez, LLC, on behalf of Hibiscus PR-73, LLC. Your Honor, the district court's decision here is a logical outcome of Appalent-Rivera's strategic plan. in the handling of the 2017 litigation. Rivera filed the 2017 complaint against Lesref, who was a then-holder of a mortgage note, a Rivera's mortgage note, claiming damages for faulty and or negligent actions in the collection and foreclosure proceedings against Rivera in the state court. The district court issued an opinion in order, where it found the following. First, Appalent's 2017 complaint, consistent of both a malicious prosecution and or abuse of process claims, and it discussed both causes of action independently in the decision. Second, that the malicious prosecution claim was premature. Three, the abuse of process claim was... Do you agree that that should have been dismissed without prejudice? Your Honor, Hibiscus was not there at the time. We didn't even exist when that decision was issued. So I'd have to be very careful in issuing that opinion. In any event, as the district court in 2020 mentioned, generally, if a cause of action is premature, it's usually without prejudice. But I think the lynchpin in this case was, after the decision was issued, the judgment was entered, dismissing the 2017 action in total with prejudice. There are guardrails in the federal rules of civil procedure in order to seek either a correction of that judgment or a reversal of it. Rivera strategically made a decision, conscious or unconscious, to not pursue any of those guardrails. It only sought reconsideration on the dismissal of the abuse of process claim. It did not seek reconsideration of the remainder of the opinion in order or the judgment, did not seek a correction, and fatally did not seek an appeal. So for all purposes in effect, under Rule 41B of the Federal Rules of Civil Procedure, that judgment constitutes a substantive adjudication on the merits, on the whole complaint, including the malicious prosecution claim, even if it was premature. Rivera had noticed. He was represented then by the same counsel today. Let me say, when you say premature, or it's not right, but it's on the merits, that does not, you know, does that strip the court of jurisdiction? I believe it doesn't. It won't go into the merits because it's not right, but it's not that there's no jurisdiction. No, I completely agree with you, Your Honor. I do not believe it strips the court of jurisdiction. This is not like there's no diversity. You know, we worked on the case for three years, and we issued all these motions. We had no jurisdiction. You know, that's no jurisdiction. This is different, correct? I completely agree. It determined that it was premature. It analyzed it. But that decision does not mean that the court did not have jurisdiction. In fact, if we follow Aplante-Rivera's logic, that would mean that a district court would be stripped from even considering any cause of action that would be premature. Now, that would lead to an illogical conclusion, not only in this case, in any other case. So, definitely, there is jurisdiction to consider. Had that cause of action been right, the court could have made a final adjudication. But if it wasn't and it was premature, then that means it never had jurisdiction. It simply makes no sense. So, I agree with you, Your Honor. It has jurisdiction to look at that particular question. The issue here, as was raised by the court, is the judgment was ultimately entered with prejudice. And Aplante did nothing to try to seek a reversal. What's baffling here, Your Honors, is that the district court, in the 2020, dismissing the 2020 complaint, was kind enough to provide Rivera with guidance as to how to proceed. It dismissed a malicious prosecution claim in the 2020 complaint without prejudice for Rivera to seek relief on the judgment in the 2017 litigation. He does not do that. He refuses to accept responsibility for what happened. He has come and filed an appeal to this court and has not put forward any logical argument as to why that dismissal of the 2017 litigation in total, with prejudice, is not cause for res judicata here. At the end of the day, this case falls squarely within the four corners of res judicata, whether Rivera wants it or not. And the reason that the first element of res judicata is met, which is the existence of a final order with preclusive effect, is due exclusively to the strategic decisions he made in not pursuing a reversal, modification, or the 2017 litigation. That is ultimately his own decision, his own doing, and he must leave with the consequences of his actions. So going to his complaint, do you have anything to say about whether, even if we set aside the arguments that you're making, that he's even made out a valid malicious prosecution claim? No, Your Honor. We believe that even if, assuming that a prosecution claim were somehow alive in spite of res judicata, the same is still doomed to failure. Because Rivera cannot satisfy its requirements. These are, one, that a civil action was instituted, two, maliciously and without probable cause, three, the case ended favorably to Rivera, and four, Rivera sustained damages. And we cite in our briefs the source of those requirements. So in this particular case, Rivera will not be able to meet the second and third prongs because he cannot show that a meritless lawsuit was filed against him in the state court. We're talking about a collection and foreclosure proceeding. This is just a garden variety collection action. There's a mortgage note, there's a loan. Rivera defaulted, and there's a collection action. And likely, at the end of the day, he cannot demonstrate that that state court action was resolved favorably to him because that case is still pending. In fact, it's been pending for decades now and hasn't resolved. So that is fatal as well. Even if we put aside the whole situation on res judicata, at the end of the day, the 2020 complaint would still fall under the weight of Rule 12b-6 because plaintiff would not be able to state a claim which he could seek relief. Let me ask you a question. Once that state litigation, if it ever ends, is resolved, would that perhaps allow Rivera to have a cause of action then? Your Honor, that is a... If it's something that didn't come up here or something new. I understand. It's a bit complicated to crystal ball what could happen. And just to give you a brief background... It could or could not. It would be subject to perhaps litigation or perhaps... It could or could not. It's not a... You can't say it's 100 percent impossibility. It's... I cannot say it's 100 percent impossibility. However, I would like to mention quickly, not to get too much of your time... My assumption is that you would interpose the defense of res judicata than it is. You would continue to impose it, yes. Yes.  which is as a result of a supposed temerity by Lesref in its time and not allowing an intervener to appear in the state court action. Now, because that is a factual basis that he was using, I do not foresee right now a situation in the outcome of the state court action where that would be allowed because, number one, that intervener has been allowed. Two, because I'm counsel in that state court action. Intervener has been allowed. The issue as to the sale of the Blue Iguana lot is currently trying to be resolved to be segregated so that the intervener can get his lot of land. So, ultimately, there would be, if duly corrected, there would not be a harm or a situation that should cause plaintiff, under that specific set of facts, to institute a malicious prosecution. But then again, I cannot foresee the future and cannot rule it out 100 percent. Thank you, counsel. No problem. Ms. Rivera, you have four minutes. Please introduce yourself on the record to begin. Good morning. May it please the court. Go ahead. Aurea Rivera Alvarado on behalf of Lesref Second Island Holding, RTD, Inc. The position of island holdings in this case are similar or exactly the same as Hibiscus has stated. So I don't want to restate them. So I'm going just to clarify some points regarding the 2017 action. First of all, brother counsel for appellant says that he recognizes that the malicious prosecution cause of action was not mature, that it was premature. But he never moved for a voluntary dismissal of that cause of action. So when the court issued its opinion on order and subsequent judgment, it was in the right place to dismiss that action because it was still pending adjudication at that moment. Having said that, if the court understood, as it did, that the malicious prosecution was premature, the only logical conclusion was to dismiss that cause of action. So the statement of appellant in the sense that the court couldn't do anything regarding that cause of action is not correct. Also, the 2020 complaint was brought by appellant following the Supreme Court, the Puerto Rico Supreme Court decision in the case of the intervenor. And that decision didn't give appellant any cause of action for his own. It didn't change the facts of the case. If you compare the allegations in the 2017 complaint with the allegations of the 2020 complaint, they are exactly the same, except for those incidents related to the decision of the Puerto Rico Supreme Court. There's nothing different between those complaints. They are seeking the same prayer for relief.  And they also included hibiscus because the credit was transferred to them. That's the only reason hibiscus is in the case and a lesser remains in the complaint. If the court has any questions. I have no questions. My colleagues have any? No. Well, I'm going to give you, you didn't ask for a rebuttal, but you have one minute. Thank you. Please introduce yourself back on the record. Yes. For the record, this is attorney Raul Barrera-Morales again. Your Honor, I am perplexed because all the cases that I have cited regarding a premature action says that there is no jurisdiction and the court cannot act in any way. Any action that they take not having jurisdiction is void. And I presented about 20 local cases. As a matter of fact, the judge, the honorable judge, cited a case and he recognized that there was a premature, was not on the merits, and there was no jurisdiction. He recognized it. And nevertheless, he went ahead and said that the court had included the malicious, had dismissed with prejudice the malicious prosecution case. If that was true, then the malicious prosecution decision, the decision was void because there was no jurisdiction to say that. I mean, I have not seen any case that says that premature is not like results in lack of jurisdiction. Thank you, counsel. Okay. Court is adjourned then. Thank you very much, everybody. All rise. This session of the Honorable United States Court of Appeals is now recessed. God save the United States of America and this honorable court.